The Honorable Martha O. Haynie Orange County Comptroller Post Office Box 38 Orlando, Florida 32802
Dear Ms. Haynie:
You have asked for my opinion on substantially the following question:
Is Orange County authorized to administer a payroll deduction for a voluntary employee contribution to a political action committee fund?
In sum:
Section 112.171, Florida Statutes, authorizes Orange County, in its sole discretion, to make deductions from the salary or wages of any employee in an amount authorized and requested by the employee for those purposes the employee specifies. The county may develop standards for designating those programs for which it will administer checkoff participation and may restrict participation to programs of general interest to county or departmental employees.
According to your letter, Orange County and the Orange County Professional Fire Fighters Association Local 2057 are parties to a collective bargaining agreement that is effective from October 1, 1996, through September 30, 1999. Among the provisions of the contract is the following:
"7.01 The County agrees to deduct from the wages on each pay period uniform bi-weekly membership dues and uniform assessment, and two "Union check off" for each bargaining unit member who signs and submits an authorization card. The County shall not make deductions for payment of initiation fees or fines. Dues deducted by the County shall be remitted to the Union by check within seven (7) days from the date of deduction. . . ."
Based on this language, the union has requested that the county administer a payroll deduction for voluntary contributions to a political action committee, the Orange County Professional Fire Fighters Local 2057 PAC Fund, if requested to do so by an employee. The union would reimburse the county for the costs of administering this payroll deduction.
As you point out in your letter, section 129.09, Florida Statutes, imposes personal liability on you as county comptroller for any payment made by the county that is not authorized by law. In order to perform your preaudit functions and ensure that the county may lawfully make these deductions, you have asked for my assistance in determining the county's authority to act.
Section 112.171, Florida Statutes, states that
"(1) The counties, municipalities, and special districts of the state and the departments, agencies, bureaus, commissions, and officers thereof are authorized and permitted in their sole discretion to make deductions from the salary or wage of any employee or employees in such amount as shall be authorized and requested by such employee or employees and for such purpose as shall be authorized and requested by such employee or employees and shall pay such sums so deducted as directed by such employee or employees.
(2) It is the intent and purpose of this section to vest in the public officers, agencies and commissions herein enumerated the sole power and discretion to approve or disapprove requested deductions and the approval of and making of approved deductions shall not require the approval or making of other requested deductions."[1]
The statute vests in the county commission the sole discretion to approve and make deductions as requested from the pay of county employees.
The United States Supreme Court has determined that a local government may develop standards or restrictions to determine those programs for which it will provide withholding and that these restrictions must meet a "relatively relaxed standard of reasonableness in order to survive constitutional scrutiny."[2] InCity of Charlotte v. Local 660, International Association ofFirefighters,[3] the Court upheld the city's policy of allowing withholding only for programs of general interest in which all city or departmental employees could participate.
The Court determined that allowing withholding only when it benefitted all city or departmental employees was a legitimate method for avoiding the burden of withholding money for all persons or organizations that requested a checkoff. Similarly, in exercising its discretion in allowing withholding for members of the union, Orange County may develop standards or restrictions, or may implement those already in place, limiting the organizations or programs for which it will administer a dues checkoff to those programs of general interest in which all county or departmental employees may participate.
In addition to the Chapter 112 provision, section 447.303, Florida Statutes, provides in part that
"[a]ny employee organization which has been certified as a bargaining agent shall have the right to have its dues and uniform assessments deducted and collected by the employer from the salaries of those employees who authorize the deduction of said dues and uniform assessments. However, such authorization is revocable at the employee's request upon 30 days' written notice to the employer and employee organization. Said deductions shall commence upon the bargaining agent's written request to the employer. Reasonable costs to the employer of said deductions shall be a proper subject of collective bargaining. Such right to deduction, unless revoked pursuant to s. 447.507, shall be in force for so long as the employee organization remains the certified bargaining agent for the employees in the unit. The public employer is expressly prohibited from any involvement in the collection of fines, penalties, or special assessments."
Thus, the Legislature has recognized that deductions for dues and uniform assessments may be taken from public employee wages for public employees and the costs of administering such deductions may be dealt with in a collective bargaining agreement. However, your question relates more particularly to the use of county employee salaries or wages for political purposes rather than questioning the deduction of dues for a bargaining agent.
Charter counties have "all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors."[4] They may enact ordinances "not inconsistent with general law."[5] Thus, Orange County, which is a charter county, may enact local legislation on subjects not specifically reserved to the state or that conflict with a state law.
Section 11.062(1), Florida Statutes, allows the use of state employee salaries for lobbying purposes. Nothing in this section or elsewhere in the statutes appears to prohibit local governments from allowing the use of public employee salaries for political purposes or from paying those funds over to a political action committee if requested to do so by the employee. However, as discussed above, policies and restrictions developed by Orange County may, at the county's discretion, limit those programs for which the county will administer a dues checkoff to those of general interest to county employees.
Therefore, it is my opinion that section 112.171, Florida Statutes, authorizes Orange County, in its sole discretion, to make deductions from the salary or wages of any employee when such a deduction meets the county's standards or restrictions for such withholding and the deduction is in an amount authorized and requested by the employee for those purposes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Compare, s. 110.114(1), Fla. Stat., making provision for employee wage deductions for state employees, which states:
"The state or any of its departments, bureaus, commissions, and officers are authorized and permitted, with the concurrence of the Department of Banking and Finance, to make deductions from the salary or wage of any employee or employees in such amount as shall be authorized and requested by such employee or employees and for such purpose as shall be authorized and requested by such employee or employees and shall pay such sums so deducted as directed by such employee or employees. The concurrence of the Department of Banking and Finance shall not be required for the deduction of a certified bargaining agent's membership dues deductions pursuant to s. 447.303 or any deductions authorized by a collective bargaining agreement."
[2] See, City of Charlotte v. Local 660, InternationalAssociation of Firefighters, 426 U.S. 283 at 286, 96 S.Ct. 2036,48 L.Ed.2d 636 (1976).
[3] Ibid.
[4] Article VIII, s. 1(g), Fla. Const. 
[5] Ibid.